UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HONG MAI,

              Plaintiff,

        - against -

NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE, NEW YORK
STATE DEPARTMENT OF HEALTH, NEW
YORK CITY HUMAN RESOURCES
ADMINISTRATION, NEW YORK CITY
DEPARTMENT OF HEALTH; METROPLUS
HEALTH PLAN, and NEW YORK MEDICAID
CHOICE,

              Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-MC-46 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

On October 10, 2000, the Honorable Allyne R. Ross enjoined Plaintiff Hong Mai ("Plaintiff") from filing any new actions in this Court without first seeking leave to do so. *See Mai v. NYS Dep't of Welfare, et al.*, No. 00-CV-5914 (ARR) (CLP), slip op. (E.D.N.Y. Oct. 19, 2000). On October 15, 2020, Plaintiff began the instant action by submitting a proposed complaint, along with a motion to proceed *in forma pauperis* and a request for leave to file. (Dkts. 1-3.) Plaintiff's motion to proceed *in forma pauperis* is granted solely for the purposes of this Order. For the reasons that follow, her motion for leave to file is denied and this action is dismissed.

## BACKGROUND

The proposed complaint seeks review of a July 23, 2020 Decision After Fair Hearing by the New York State Department of Health ("DOH") affirming an agency determination to deny Plaintiff's request to disenroll from managed care. (Complaint ("Compl."), Dkt. 1, at ECF 1-4;

Exhibit ("Ex. B"), Dkt. 1, at ECF 7-16.)[1]  According to the proposed complaint, Plaintiff sought to disenroll from her existing healthcare plan described as "metroplus health plan."[2]  (Compl. ¶ 8.)  Plaintiff previously received Medicaid coverage for the services she needs, including a mobile wheelchair and pain medication, but alleges that her current plan "can't do it" and "even tried to stop [her from using] her benefit."  (*Id.*)  Plaintiff called MetroPlus to disenroll, but her request was denied.  (*Id.*)

On December 16, 2019, Plaintiff requested a Fair Hearing[3] for disenrollment from the managed health plan.  (*Id.* ¶ 9.)  Plaintiff describes a "first hearing" at which a judge told her to call "New York Medicaid choice"[4] regarding disenrollment, and then rescheduled the hearing.  (*Id.*)  Plaintiff called "New York Medicaid choice" and was informed that individuals with mental disabilities can be forced to enroll in a managed care plan.  (*Id.*)  Plaintiff explained that she is physically disabled and should qualify for an exemption from mandatory enrollment.  (*Id.*)  The agent at "New York Medicaid Choice" agreed and said that he would send Plaintiff a form to apply for exemption.  (*Id.*)  Plaintiff alleges that she never received the form in the mail, and that "New York Medicaid choice" refused to send her another one.  (*Id.*)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] The Court assumes that this is a reference to a MetroPlus Health Plan.  *See* https://www.metroplus.org/about-us (last visited Nov. 3, 2020).

[3] In New York, a recipient of disability benefits may appeal the decision of a local social service agency to the Office of Temporary and Disability Assistance through a "Fair Hearing." *See* https://otda.ny.gov/hearings/ (last visited Nov. 3, 2020).

[4] The Court assumes that this is reference to New York Medicaid Choice, which is "New York State's managed care enrollment program."  *See* https://www.nymedicaidchoice.com/ (last visited Nov. 3, 2020).

On July 15, 2020, a Fair Hearing was held pursuant to Section 22 of the New York State Social Services Law ("Social Services Law"). (*Id.* ¶ 10; Ex. B at ECF 7.) Plaintiff alleges that during the hearing, the judge told her there was no evidence or record of her physical disability, and asked whether she had completed the exemption form from New York Medicaid Choice. (Compl. ¶ 10.) Plaintiff explained that she had not completed the form, that her doctor agreed that she was disabled, and that she (Plaintiff) believed she received welfare benefits because of her physical disability. (*Id.*)

On July 23, 2020, DOH issued a decision affirming the determination by the Office of Managed Care of the New York State Department of Health (the "Agency") denying Plaintiff's request to disenroll from her current managed care plan. (*Id.* ¶ 11; Ex. B at ECF 7-16.) Plaintiff is enrolled in a managed care program, and has received care and services through a Medicaid Managed Care Health Plan operated by HealthFirst. (Ex. B at ECF 7.) Managed care programs are programs into which Medicaid recipients in a particular social services district enroll on a voluntary or mandatory basis to receive Medicaid services. (*Id.* at ECF 8-9.) According to Agency records, Plaintiff has been enrolled in managed care since March 1, 2013. (*Id.* at ECF 15.) On February 12, 2020, New York Medicaid Choice informed Plaintiff by mail that she needed to complete the "MM-EX-PCKT-0118v2 REQUEST FOR EXEMPTION." (*Id.*; Ex. A, at ECF 5-6.)

The Administrative Law Judge ("ALJ") presiding over the Fair Hearing found that, even crediting Plaintiff's claim that she repeatedly requested, but never received the exemption form from New York Medicaid Choice, Plaintiff had failed to meet the burden of proof that the Agency's actions were erroneous pursuant to state law. (Ex. B, at ECF 15.) The ALJ found that Plaintiff failed to present evidence that she qualified for exemption from managed care under the

3

relevant provision of the Social Services Law.  (*Id.*)  The ALJ concluded that absent credible evidence to the contrary, the Agency's determination must be sustained because Plaintiff is not excluded from managed care.  (*Id.*)  However, the ALJ explained that to the extent Plaintiff is not satisfied with her current managed care plan, she has the right to transfer to another managed care health plan.  (*Id.*)

Plaintiff filed the instant proposed complaint seeking federal court review of the ALJ's decision pursuant to Article 78 of New York's Civil Practice Law and Rules, and requesting that the Court direct the defendant State and City agencies to appear and submit a certified transcript of the record upon which the ALJ's decision was based, and that the Court modify that decision to allow Plaintiff to withdraw from her current managed care plan.  (Compl., at ECF 1, 3.)

## LEGAL STANDARDS

Article 78 "establishes a state mechanism for judicial review of administrative action that would have been provided earlier through writs of [certiorari] to review, mandamus, and prohibition."  *Casale v. Metro. Transp. Auth.*, No. 05 CIV. 4232 (MBM), 2005 WL 3466405, at *1 n.2 (S.D.N.Y. Dec. 19, 2005).  Under Article 78, proceedings must be brought in the New York State Supreme Court, or in certain circumstances, the New York State Supreme Court's Appellate Division.  *See* N.Y. C.P.L.R. 7804(b), 506 (McKinney).  "Article 78 reflects a state preference for a state mode of procedure that 'is designed to facilitate a summary disposition of the issues presented . . . and has been described as a fast and cheap way to implement a right that is as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion.'"  *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013), *as corrected* (Sept. 27, 2013) (quoting *Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir.1986)).  "An Article 78 proceeding is a novel and special creation of state law, and differs markedly from

4

the typical civil action brought in [federal district court] in a number of ways." *Morningside Supermarket Corp. v. New York State Dep't of Health*, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006) (alteration in original) (quoting *Lucchese v. Carboni*, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998)).

The Second Circuit has declined to decide whether Article 78 "can, on its own, deprive a federal court of jurisdiction over claims brought under that provision, as some district court cases have held[.]" *Carver*, 730 F.3d at 155 (citing *Cartagena v. City of New York*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003) ("State law does not permit Article 78 proceedings to be brought in federal court[.]"); *see also Morningside Supermarket Corp.*, 432 F. Supp. 2d at 346 ("Three district courts in this Circuit have recently concluded that Article 78 claims brought in federal court 'must be dismissed for lack of subject matter jurisdiction, as New York State has not empowered the federal courts to consider such claims.'" (collecting cases)). *But see Casale*, 2005 WL 3466405, at *6 ("State law may direct that '[a] proceeding under this article shall be brought in [state] supreme court,' N.Y. C.P.L.R. § 7804, but this requirement has nothing to do with whether the proceeding falls within a federal jurisdictional statute. If such a directive could deprive federal courts of jurisdiction, state legislatures, not Congress, would control the power of the federal judiciary.").

The Second Circuit has, however, acknowledged that a federal court may have jurisdiction over an Article 78 claim, "as long as those claims would otherwise fall within the court's pendent jurisdiction." *Carver*, 730 F.3d at 155 (internal citations omitted). In so doing, the Second Circuit has cautioned that "the state preference to try Article 78 claims in state court" bears on the assessment of whether a district court should exercise pendent jurisdiction. *Id*. (holding that the district court abused its discretion in deciding to exercise pendant jurisdiction over an Article 78 claim requiring interpretation of a novel state law issue). Where federal or constitutional claims have been dismissed, district courts frequently decline to exercise jurisdiction over any remaining

Article 78 claims. *See McNamara v. Kaye*, 360 F. App'x 177, 177 (2d Cir. 2009) (summary order) (finding that an Article 78 claim failed for lack of subject matter jurisdiction where Plaintiff's other federal and constitutional claims were dismissed); *Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433, 449 (E.D.N.Y. 2015) ("[C]ourts in this Circuit have uniformly declined to exercise supplemental jurisdiction [over Article 78 claims] where, as here, there are no federal claims left in the case." (collecting cases)); *Kelly v. City of Mount Vernon*, 344 F. Supp. 2d 395, 406 (S.D.N.Y. 2004) (declining to exercise jurisdiction over an Article 78 claim because all of Plaintiff's federal claims were dismissed) (collecting cases).

## DISCUSSION

Having carefully considered the proposed complaint and request for leave to file, the Court concludes that Plaintiff has not presented valid reasons for lifting the filing injunction against her. *See Biton v. Verilli*, Nos. 17-MC-803 & 17-MC-804, 2017 WL 6383885, at *1 (E.D.N.Y. May 5, 2017) (denying plaintiffs' applications for leave to file complaint where their "request does not provide any valid reason to allow the proposed actions to go forward").

Plaintiff seeks to have the DOH decision reviewed pursuant to Article 78. According to the exhibits attached to the proposed complaint, the ALJ determined that Plaintiff failed to prove that the Agency's decision to deny disenrollment was erroneous under state law and failed to present evidence that she qualified for an exemption from managed care under state law. (Ex. B, at ECF 15.) Such a decision may be reviewable through an Article 78 proceeding,[5] but given the

---

[5] "The only questions that may be raised in a proceeding under this article are: . . . (3) whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or (4) whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence." N.Y. C.P.L.R. § 7803(3), (4) (McKinney).

facts presented here, that proceeding belongs in state court. Plaintiff's Article 78 claim appears to turn solely on the interpretation of state law, and the proposed complaint does not raise federal or constitutional issues. *See Carver*, 730 F.3d at 155; *Vill. of W. Hampton Dunes*, 89 F. Supp. 3d at 448-49. Accordingly, the Court finds no basis upon which to exercise its jurisdiction nor justification for lifting the filing restriction to which Plaintiff is subject.

To the extent that Plaintiff attempts to bring a procedural due process claim under the United States Constitution, the Court also does not believe that any such claim would have enough merit to justify lifting the filing restriction. *See Riano v. Town of Schroeppel*, 13-CV-0352-MAD-TWD, 2015 WL 4725359, at *4 (N.D.N.Y. Aug. 10, 2015) ("New York State statutes provide an opportunity for full and complete judicial review of all administrative determinations. The availability of such judicial review satisfies the dictates of procedural due process." (citing, *inter alia*, *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881-82 (2d Cir. 1996))).

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for leave to file the proposed complaint and dismisses this action. Plaintiff's motion to proceed *in forma pauperis* is granted solely for the purposes of this Order. The order barring Plaintiff from filing future complaints without leave of the Court remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 5, 2020
       Brooklyn, New York